FILED
 2014 Mar-28  PM 02:15
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA PRUITT** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | |
| **CLAYTON HOMES, INC. d/b/a** ) | **JURY DEMAND** |
| **SOUTHERN ENERGY HOMES,** ) | |
| **INC.** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

**I.    INTRODUCTION**

1. Through this complaint, Plaintiff Patricia Pruitt, ("Plaintiff") asserts federal claims of sex discrimination, sexual harassment by her supervisor, and retaliation in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a ("Title VII"). Plaintiff further asserts interference with her rights protected by the Family Medical Leave Act, 29 U.S.C.§ 2611, et. seq. ("FMLA"). Through this action, Plaintiff seeks a declaratory judgment, injunctive relief, backpay, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs under

Title VII and the FMLA.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202.  Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII . Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission.

## III. PARTIES

4. Plaintiff is over (19) years old, is a citizen of the United States, is a resident of the State of Alabama and was employed in the State of Alabama by Defendant.

5. Defendant, Clayton Homes, ("Defendant") is a component company of Berkshire Hathaway, and is the United States' largest manufacturer of manufactured housing and modular homes.  Clayton Homes produces homes under the brand names of Buccaneer Homes, Cavalier Homes, Clayton Homes, Crest Homes, Giles Industries, Golden West Homes, Hart Housing, Karsten

Company, Marlette Homes, Norris Homes, Oakwood Homes, Schult Homes, Southern Energy Homes and TruMH.  Plaintiff worked under the brand name Southern Energy Homes.  Defendant is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

### III. FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant on May 9, 2012 as a Market Development Manager, and her primary responsibility is sales of Manufactured Housing.

7. Plaintiff was the only female working in sales at her worksite, and the only female out of approximately fifty salespersons within the region where she worked. Upon information and belief, during Plaintiff's employment there were only a few female sales person out of over a thousand salespersons employed by Defendant nationwide.

8. Plaintiff's job performance was excellent. She quickly rose to the number one sales position in the plant where she worked during the year she was employed.

9. Plaintiff's territory covered five states – Florida, North Mississippi, Kentucky, Missouri and Illinois.  Her best states for sales were Florida and Mississippi.

10. Plaintiff worked in excess of 80 hours a week, and she reported directly to Sales Manager Blake Blagburn. ("Sales Mgr. Blagburn") Blagburn reported to

Assistant General Manager Boo Haughton ("Assist. GM Haughton") and General Manager Don McNutt ("GM McNutt"), who happened to be Haughton's father in law.

11. Plaintiff's supervisor, Assist. GM Haughton, made inappropriate sexual comments to and around Plaintiff, but she made it clear to him that she was offended by his sexual and sexist comments and not interested in him in a romantic way.

12. In March, Assist. GM Haughton took Plaintiff's best states away from her (Florida and Mississippi) and reassigned them to her male co-workers. Plaintiff was left with her least desirable states: Missouri, Illinois and Kentucky. This action negatively impacted Plaintiff's potential sales commissions and made Plaintiff's job more difficult.

13. In early April 2013, Plaintiff complained of sexual discrimination to Human Resources (HR), first speaking to a person named Rebecca Kanaday at that office.

14. Plaintiff subsequently met with Corporate Director of Human Resources Barbara Kelly ("HR Dir. Kelly") and Regional Vice President Britt Richards ("VP Richards") and explained to them how she had been discriminated against.

15. VP Richards attacked Plaintiff for complaining, making it clear she should drop her complaint.

16. On April 10th Plaintiff went to a physician and the doctor required her to take off work due to a serious medical condition.

17. Plaintiff returned to work on April 22nd, and a meeting was held between Plaintiff, VP Richards, Assist. GM Haughton and Sales Mgr. Blagburn, and they told Plaintiff that nothing wrong had been done to her.

18. On April 24th, Plaintiff again complained to HR of discrimination, and in response Defendant launched a third-party investigation into Plaintiff's complaint by hiring Michelle Clemon of the Clemon Consulting Group to investigate Plaintiff's complaint of discrimination.

19. On May 29th Plaintiff met with investigator Michelle Clemon, and told her about the sex discrimination. Michelle Clemon listened to Plaintiff's complaint and suggested what Plaintiff complained about may also constitute sexual harassment.

20. On June 10th, Plaintiff met with HR Mgr. Kelly and VP Richards, and reviewed the findings of the third-party investigator who allegedly found no evidence of discrimination or sexual harassment. The report mentioned this was a "he said she said" situation.

21. On June 11th, Plaintiff submitted FMLA paperwork to be off as needed for an ongoing serious medical condition.

22. The next day, June 12th, VP Richards and HR Dir. Kelly fired Plaintiff for allegedly making false allegations about co workers, which were allegations of discrimination and harassment.

23. Defendant's reason for terminating Plaintiff was not legitimate, and Defendant's stated reason is a pretext to hide the fact that it fired Plaintiff for illegal reasons in violation of Title VII and the FMLA.

24. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights when it terminated her.

25. Defendant willfully violated the FMLA when it terminated Plaintiff.

**IV.   CAUSES OF ACTION**

    **A.   COUNT I     GENDER DISCRIMINATION IN VIOLATION OF TITLE VII.**

26. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail herein below.

27. Plaintiff brings this Count against Defendant City pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

28. Defendant discriminated against Plaintiff because of her female gender by

discriminating against her in job assignments, territory assignments, removal of territories, disciplines, denial of tools for making sales, and termination.

29. Defendant has failed to articulate a legitimate non discriminatory reason for its discriminatory practices.

30. Defendant engaged in the practices complained of herein intentionally and/or with reckless indifference to Plaintiff's federally protected rights.

### B. COUNT II    SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail hereinbelow.

32. Defendant subjected Plaintiff to a sexual hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

33. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff to be hostile and abusive and the harassment negatively impacted Plaintiff's employment.

34. Plaintiff subjectively perceived the sexually and gender harassing treatment she received from the her supervisor described above to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

35. Defendant failed to guard against the misconduct of its employees, failed to train its supervisors and employees, failed to monitor their performance and failed to take adequate remedial action.

36. Defendant had no adequate sexual harassment policies and procedures for handling complaints of sexual harassment, and if Defendant had a policy it failed to distribute it.

37. Defendant has been aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

38. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action, in particular, Defendant answered Plaintiff's complaint of sexual harassment by terminating her and failing to conduct an investigation into her complaint of sexual harassment.

39. Defendant is directly and indirectly liable for the conduct of its contract employee, that amounted to the sexual harassment suffered by Plaintiff.

40. The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

41. Defendant, by and through its agents, engaged in the practices complained of

herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

42. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

43. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C. COUNT III    RETALIATION IN VIOLATION OF TITLE VII

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail herein below.

45. Plaintiff complained to management and human resources that she was being discriminated against because of her sex, and her complaint also included claims that constituted complaints of sexual harassment.

46. Plaintiff further objected to sex discrimination and harassment by refusing to partake in a romantic relationship with her supervisor.

47. In response to Plaintiff's opposition to sexual discrimination and harassment, Defendant retaliated against Plaintiff by taking preferable sales territories from her, job assignments, disciplining and terminating her.

48. There is a causal relationship between Plaintiff's engagement in protected activity and the materially adverse employment actions taken against her by Defendant.

49. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

50. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

51. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C.   COUNT IV   VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 above with the same force and effect as if fully set out in specific detail herein below.

53. Plaintiff was entitled to benefits under the FMLA.

54. Defendant is an employer in accordance with 29 U.S.C. § 2611.

55. Defendant violated the Family Medical Leave Act, 29 U.S.C. § 2614, inter alia, by interfering with Plaintiff's rights under the FMLA by denying her request to take FMLA.

56. Further, Defendant retaliated, coerced, oppressed, and/or took adverse action against Plaintiff due to her need for leave under the FMLA 29 C.F.R. §825.220 by terminating her employment.

57. Defendant's actions in violation of the FMLA were willful.

## V. DAMAGES

58. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

59. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

60. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated compensatory, and punitive damages is her only means of securing adequate relief.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of

Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement into the position along with all benefits of employment she would have had in the absence of sex discrimination, retaliation, sexual harassment, and violating her rights under the FMLA and backpay (plus interest). If reinstatement is not possible, enter an Order awarding Plaintiff front pay. In addition, Order Defendant to award Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-F58J
Daniel E. Arciniegas (asb-7809-D67A)
L. William Smith (asb-8660-A61S)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS & QUINN P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES**:
Clayton Homes, Inc. d/b/a Southern Energy Homes, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104